UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
U.S. PHILLIPS CORPORATION

                Plaintiffs,                **MEMORANDUM** and
                                                          **ORDER**

   - against -
                                                           CV 05-3892 (TCP)(ARL)

ZWT INC., HARMINDER BHASIN,
RAMEET BHASIN, GURVINDER BINDRA,
JOHN IANNOTTI, RAY KISSLE,
ASIF JAMAL AND KELLI BURKE

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
Platt, District Judge

        Plaintiff, U.S. Phillips Corp. ("Phillips"), moves this Court to strike a notice of removal filed by Defendants, ZWT Inc. ("ZWT"), Harminder Bhasin, Rameet Bhasin, Gurvinder Bindra, John Iannotti, Ray Kissle, Asif Jamal, and Kelli Burke ("the owners and operators of ZWT"), which purported to remove this case from this Court to the United States Bankruptcy Court for the Eastern District of New York. For the following reasons, Plaintiff's motion to strike is **GRANTED.**

## BACKGROUND

        On June 22, 2004, Phillips filed a complaint with this court alleging *inter alia* that Wings Digital Corp. ("Wings Digital") had infringed on Phillips' patents by "making, using, offering for sale, selling and/or importing unlicensed CD products." (Compl. against Wings Digital ¶ 34.) On April 1, 2005, Wings Digital filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York. The Bankruptcy Court proceeded to sell the assets of Wings Digital to ZWT in June 2005. (Compl.

against ZWT ¶ 5.)

On August 15, 2005, Phillips filed a complaint in this Court against ZWT and its owners and operators alleging *inter alia* patent infringement. (*Id.* ¶ 1.) On September 8, 2005, Defendants filed a notice of removal in the Bankruptcy Court for the Eastern District seeking to "remove" this case to that Court for "simultaneous transfer" to the United States Bankruptcy Court for the Southern District. In a letter dated September 21, 2005, Phillips moved to strike the notice of removal.

**ANALYSIS**

Title 28 of the United States Code, section 1452 governs "[r]emoval of claims related to bankruptcy cases." The statute reads in pertinent part:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Section 1334(a) of title 28 states in relevant part, "the district courts shall have original and exclusive jurisdiction of all cases arising under title 11." A Reference Order of Cases to Bankruptcy Judges for the Eastern District of New York provides for automatic referral of all cases arising under title 11 to the bankruptcy judges of the district.

A problem arises in a proceeding such as this, where a party seeks to remove a case from a district court to a bankruptcy court in the same district. As districts courts have exclusive jurisdiction of all title 11 cases, the party is actually attempting to remove the case from the district court *to the same district court*. A number of courts have considered the absurd

result that obtains from allowing such a removal and have concluded that removal is impermissible. *See Harve Benard Ltd. v. Nathan Rothschild et al.*, 2003 U.S. Dist. LEXIS 2421 (S.D.N.Y. Feb. 10, 2003); *Doyle v. Mellon Bank, N.A..*, 307 B.R. 462 (E.D. Pa. 2004); *Sharp Electronics Corp. v. Deutsche Financial Services Corp.*, 222 B.R. 259 (Bankr. D. Md. 1988).

The circumstances of *Harve Benard* are virtually identical to the case at bar. In that case, defendant sought a "removal" from the District Court in the Southern District of New York to the Bankruptcy Court in the same District. *Harve Benard*, 2003 U.S. Dist. LEXIS, at *1. The court ruled that "removing a case from this Court to itself defies logic," and that "[a] review of the scant case law on the topic supports this Court's view that 'removing' this case from the Court *to the Court* contradicts the plain language of 28 U.S.C. § 1452(a)." *Id.* at *9. The court then granted plaintiff's motion to strike the petition for removal. *Id.* at *23.

ZWT argues that *Harve Benard* is inapposite because the defendants in that case filed their petition with the clerk of the district court, while ZWT filed with the clerk of the bankruptcy court. This is a distinction without a difference. The *Harve Bernard* court reached its decision by interpreting two federal statutes " 'in a manner that avoids an absurd result.' " *Id.* at *11 (internal citation omitted). The clerk's office where the defendant filed the petition was in no way relevant to the court's analysis.

Defendants also cite *Collier on Bankruptcy* to justify their method of removal. The treatise states that courts should allow removal because it is an "efficient" method of transferring the case to the Bankruptcy Court and because it is "in accordance with statutory guidelines." 1 COLLIER ON BANKRUPTCY ¶ 3.07[1] (15th ed. revised June 2005). However, the *Collier* treatise also states that "[a]lmost every court speaking to the issue has concluded that it is legally impossible to remove a case from a particular district court to that same district court."

*Id.* This Court declines to follow a secondary source of law such as *Collier* when courts have unanimously rejected its guidance.

Alternatively, if *Collier* were to be proven correct, this Court withdraws the reference of this case from our Bankruptcy Court and directs in either and both events that the Clerk of the Bankruptcy Court return the case to the Central Islip branch of the Clerk's Office of this Court.

Accordingly, Plaintiff's motion to strike the notice of removal is **GRANTED** and alternatively this Court withdraws the reference.

**SO ORDERED**.

/S/_____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
November 7, 2005